[No. G012189. Fourth Dist., Div. Three. Dec. 10, 1992.]

MARILYN YAMASAKI, Plaintiff and Appellant, v.
MERCURY CASUALTY INSURANCE COMPANY, Defendant and
Respondent.

COUNSEL

Thomas Edward Wall for Plaintiff and Appellant.

O'Connor, Schmeltzer, Armstrong & Daurio and Lee P. O'Connor for Defendant and Respondent.

OPINION

SONENSHINE, J.—Marilyn Yamasaki appeals a summary judgment entered in favor of Mercury Casualty Insurance Company in an action for declaratory relief. The issue is whether a designated driver exclusion (Ins. Code, § 11580.1, subd. (d)(1))[1] is applicable when the driver operated the vehicle without the insured's permission.

---

[1]All statutory references are to the Insurance Code.

## I

Ruben Pena was involved in an automobile accident while driving Yamasaki's vehicle. Substantial injury was sustained by other persons and the car was declared a total loss.

Yamasaki made a timely claim to Mercury, her insurance company, for her property loss and for defense and indemnification against third party claims. Mercury denied coverage, claiming Yamasaki had designated Pena as a person specifically excluded from coverage.

Yamasaki filed the underlying complaint against Mercury seeking declaratory relief for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent infliction of emotional distress. Mercury's motion for summary judgment was granted. Yamasaki appeals.

## II

Yamasaki's policy included a "Designated Person(s) Coverage Exclusion" specifically excluding Pena from coverage. The exclusion states, "It is agreed that coverage and the insurer's obligation to defend, under this policy, shall not apply nor accrue to the benefit of any insured or any third party claimant while any motor vehicle is being used or operated by a natural person or persons designated above. . . . This limitation shall apply to any use or operation of a motor vehicle including the negligent or alleged negligent entrustment of a motor vehicle to any designated person." In other words, Mercury is excused from its duty to provide coverage or defend its insured if the car involved in the accident was driven by a person specifically excluded from coverage by the insured.

Yamasaki does not challenge the exclusion clause itself, acknowledging it is specifically authorized by section 11580.1, subdivision (d)(1).[2] However, she maintains it is applicable to permissive drivers only; because Pena was driving without her permission, the insurance company is bound to defend and indemnify her.

---

[2]Section 11580.1, subdivision (d) states in part: "[T]he insurer and any named insured may, by the terms of any policy of automobile liability insurance . . . agree . . . [¶] (1) That coverage and the insurer's obligation to defend under such policy shall not apply nor accrue to the benefit of any insured or any third party claimant while any motor vehicle is being used or operated by a natural person or persons designated by name. These limitations shall apply to any use or operation of a motor vehicle including the negligent or alleged negligent entrustment of a motor vehicle to such designated person or persons."

The insurer must, however, defend the insured when the designated person resides in the "same household as the named insured. [¶] . . . [I]s jointly sued with the named insured. [¶]

Yamasaki explains that because this exclusion limits the carrier's liability, it must be strictly construed. It does not specifically state it is applicable when an excluded driver takes the vehicle without permission. Therefore, she argues the clause must be read to provide coverage.

It is true "any ambiguity [in an exclusion] is to be interpreted against the insurer and reasonable doubts as to uncertain language should be resolved against the insurer. [Citation.]" (*Miller* v. *Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 751 [161 Cal.Rptr. 322].) But both the exclusion and the statute upon which it is based are clear. Neither contains any ambiguous or uncertain language. Coverage does not accrue "when any motor vehicle is being used or operated by a natural person or persons designated by name." Moreover, the plain meaning of "*any* use or operation" (italics added) is that all kinds of use or operation, including permissive and nonpermissive drivers, are to be excluded.

Next, Yamasaki asks us to assume the Legislature intended section 11580.1, subdivision (d)(1) to apply only to permissive users. ■ But, " 'if statutory language is "clear and unambiguous there is no need for construction, and courts should not indulge in it." ' " (*Hyland Therapeutics* v. *Superior Court* (1985) 175 Cal.App.3d 509, 514 [220 Cal.Rptr. 590].) "An intention to legislate by implication is not to be presumed. . . . 'Courts should not read into statutes qualifications or modifications that will materially affect their operation so as to conform to a supposed intention not expressed by the Legislature. [Citations.]' " (*Krater* v. *City of Los Angeles* (1982) 130 Cal.App.3d 839, 845 [181 Cal.Rptr. 923].)

■ Moreover, Yamasaki misconstrues the public policy requiring automobile liability insurance. The "main objective [of the statute was to provide] monetary protection" to innocent third party accident victims. (*Metz* v. *Universal Underwriters Ins. Co.* (1973) 10 Cal.3d 45, 53 [109 Cal.Rptr. 698, 513 P.2d 922], internal quotation marks omitted.)

Yamasaki got what she paid for. She reduced her premiums by excluding Pena.[3] To adopt Yamasaki's argument would render the exclusion

. . . [And] is an insured under a separate automobile liability insurance policy issued to him or her as a named insured, which policy does not provide a defense to the named insured." (§ 11580.1, subd. (d)(1).) This provision is inapt here. The parties stipulated Pena was not separately insured.

[3]Yamasaki recognizes the exclusion's economic significance. As she explains, it is "based on economic reasons. When the insured has either a relative or a friend who would normally operate the subject vehicle but either because of age or driving record is considered a high risk, the insured in an effort to reduce the premium would exclude this person from the

meaningless. Any insured could simply maintain the designated person was driving without permission. Judgment affirmed. Mercury to recover its costs on appeal.

Crosby, Acting P. J., and Wallin, J., concurred.

A petition for a rehearing was denied January 6, 1993.

---

policy." In other words, the insured accepts the risk that the excluded individual will take the vehicle *without* permission.